### RILEY et al. v. LOWRY.

*(Supreme Court, General Term, Third Department. March 15, 1892.)*

BAILMENT—INJURY TO PROPERTY—LIABILITY OF BAILEE.

The hirer of a wagon and team, who agrees to pay for repairs of the wagon, broken while in his use, cannot, in an action on such agreement, defend on the ground that the breakage of the wagon was brought about by defective harness.

Appeal from Rensselaer county court.

Action by Francis Riley and Peter Gaffney against George A. Lowry. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*William Powell, Jr.,* for appellant. *Elmer E. Barnes,* for respondents.

MAYHAM, P. J. The plaintiff brought this action in justice's court to recover an amount which he alleges the defendant agreed to pay for repairs to plaintiff's wagon, alleged to have been broken while in the possession of the defendant. The case shows that the plaintiffs, as liverymen, hired to defendant a team, harness, and wagon, and, while in the possession of the defendant, the wagon was broken. The complaint alleges these facts, and charges that the defendant requested the plaintiffs to have the wagon repaired, and promised and agreed to pay the plaintiffs the amount of the expense of such repairs, and that the expense of the same was $24.75, which the defendant refused to pay. The answer admits the hiring of the wagon and team of plaintiffs, but alleges payment for the same, sets up a counter-claim for damages for injuries received in consequence of the unsafe condition of such conveyance; and also sets up a general denial. The proofs on the

trial on the part of the plaintiffs tended to establish the allegations of the complaint, and were sufficient for that purpose, if believed by the justice. The evidence on the part of the defendant tended to show that the injury occurred by reason of the breaking of a strap of the harness, and some of the evidence tends to show that the harness was defective. But the evidence on the part of the defense does not disprove the agreement of the defendant to pay for the repairs, as proved by plaintiffs' witness. The appellant now insists that no recovery could legally be had in this action, as the injury to the wagon was in consequence of defects in the plaintiffs' harness, and that the plaintiffs, and not the defendant, took the risk of such defect. It is quite true that the defendant, as a bailee for hire of this wagon, would not be liable for the failure of the same to perform the purpose for which it was hired, if it broke without any fault of the bailee. *Harrington* v. *Snyder*, 3 Barb. 380. But the plaintiffs' right to recover in this action did not depend upon the relation of bailor and bailee existing between the plaintiffs and the defendant. The plaintiffs rested their right to recover upon the alleged agreement of the defendant to pay for the repairs, and the uncontradicted evidence upon that is that the plaintiffs were to send for the wagon, and have it repaired, and he would pay the bill. That agreement contained all the elements of a valid contract, and if the justice believed from the evidence that such an agreement was made, and that the plaintiffs had performed it on their part, and that defendant had not performed it on his part, he was authorized to give judgment for the plaintiffs for the amount of the cost or expense of such repairs. Nor do we think that the justice, under the defendant's proof, was required to find that the defendant had established any counter-claim which should be deducted from the claim of the plaintiffs. The judgment of the justice and of the county court must be affirmed, with costs. All concur.